UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARBARA A. FITZPATRICK, | Case No. 1:04-cv-369 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| JOHN E. POTTER, POSTMASTER GENERAL, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Ths is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (*See* Docs. 2, 23.) The matter is now before the Court on defendant's motion to dismiss, or, in the alternative, motion for summary judgment, on the grounds that the complaint was untimely filed. (Doc. 24.) The Court heard oral argument on the motion on October 5, 2005. The motion, which is fully briefed (*see* Docs. 24, 25, 26, 30, 33), is ripe for review.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On April 10, 2001, plaintiff filed a formal complaint with the United States Equal Employment Opportunity Commission ("EEOC") claiming that her former employer, the United States Postal Service, had discriminated against her on the basis of race, age, and disability when it did not rehire her along with other terminated employees. (*See* Doc. 25,

Ex. D.)  On February 12, 2004, following review of the complaint by an administrative judge, the EEOC issued its final decision denying plaintiff's claim and advising her of her right to sue.  (*Id.*)

Plaintiff initiated the present action by filing a *pro se* application for leave to proceed *in forma pauperis* ("IFP") on May 21, 2004.  (Doc. 1.)  On that date, she also tendered a complaint and an application for assistance in obtaining counsel.  (Docs. 2, 4.)  On May 27, 2004, the Court granted the IFP application, and the complaint was filed.  (Doc. 3.)  Defendant's answer was filed on August 12, 2004.  (Doc. 9.)

The original *pro se* complaint is based in part on allegations that plaintiff, a white female, was treated differently from black co-workers.  (*See* Doc. 2 at 2-3).  Plaintiff alleged that after suffering an injury, she was harassed until the end of her employment and not rehired. (*Id.* at 3.)  She further alleged that black co-workers who suffered injuries did not lose their jobs but were sent to jobs that met their injured needs.  (*See id.*)

On February 21, 2005, by counsel, and with leave of Court, plaintiff filed an amended complaint.  (Doc. 23.)  The amended complaint presents a claim of discrimination on the basis of perceived or actual disability in violation of the Rehabilitation Act.  (*Id.* at ¶ 21.)

In response to the amended complaint, defendant filed the instant motion to dismiss, or, in the alternative, motion for summary judgment.  (Doc. 25.)  In the motion, defendant maintains that this action should be dismissed because plaintiff did not file her

complaint within 90 days of her receipt of the right-to-sue letter from the EEOC.

Plaintiff presents two arguments in opposition to the motion. She argues first that defendant waived the defense of untimely filing by not raising that defense in the answer to the original complaint. (*See* Doc. 25.) Second, she argues that principles of equitable tolling apply to excuse her failure to comply with the 90 day rule. (*See id.*)

## II. STANDARD OF REVIEW

When matters outside the pleading are presented in support of a motion to dismiss, and are not excluded by the court, the motion is properly construed as a motion for summary judgement and disposed of as provided in Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 348 (6th Cir. 2001). Because the parties have presented matters outside the pleadings, *e.g.*, plaintiff's Declaration (Doc. 25, Ex. E), the motion to dismiss or for summary judgment, upon prior notice to the parties (*see* Doc. 38), is hereby treated as a motion for summary judgment.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a

light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In response to a properly supported motion, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (citing *Patterson v. General Motors Corp.,* 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981)).

### III.  ANALYSIS

*A.    Whether defendant has waived the defense of plaintiff's failure to comply with the 90 day rule*.

As a threshold matter, the Court must determine whether defendant has waived a defense based on plaintiff's failure to comply with the requirement of filing a complaint within 90 days of receiving a right-to-sue letter from the EEOC (the "90 day rule"). Plaintiff contends that defendant waived this defense because it was not raised in the answer which was filed in response to the original complaint.

An amended complaint supersedes the original complaint and renders it of no legal effect. *Massey v. Helman*, 196 F.3d. 727, 735 (7th Cir. 1999), *cert. denied*, 532 U.S. 1065 (2001). "Because a plaintiff's new complaint wipes away prior pleadings, the

amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Id.* (citing *Harris v. Secretary, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 n.2 (D.C. Cir. 1997); *Sidari v. Orleans County*, 174 F.R.D. 275, 283 (W.D.N.Y. 1996) (filing of an amended complaint gives defendants the opportunity to assert new affirmative defenses)). Moreover, where a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint. *See, e.g., Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997) (defendant was permitted to file counterclaim without first seeking leave of court), *aff'd*, 205 F.3d 1347 (8th Cir. 2000).

Here, because the amended complaint thus supersedes the original complaint, and because the amended complaint expands the scope of the original complaint, defendant is permitted, in response to the amended complaint, to present a defense not pled in the answer to the original complaint, *i.e.*, plaintiff's failure to comply with the 90 day rule.

    B.    *Whether equitable tolling applies to excuse plaintiff's failure to comply with the 90 day rule*.

As noted, the amended complaint presents a claim of discrimination on the basis of a disability in violation of the Rehabilitation Act, 29 U.S.C. § 794. (*See* Doc. 23, ¶ 21.)

The filing requirements applicable to Title VII cases apply to claims brought pursuant to the Rehabilitation Act. *See Consolidated Rail Corp. v. Darrone,* 465 U.S.

-5-

624, 626 (1984). That is, Section 505(a) of the Rehabilitation Act makes available the "remedies, procedures, and rights" set forth in 42 U.S.C. § 2000e-16. *See* 29 U.S.C. 794a. Thus, as Title VII requires that an employee who seeks to file a civil action for employment discrimination must do so within 90 days of receipt of a right-to-sue letter from the EEOC, *see* 42 U.S.C. § 2000e-5(f)(1), the same 90 day rule applies to claims such as the instant one brought pursuant to the Rehabilitation Act.

Nonetheless, the requirement for filing within 90 days is not a "jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Plaintiff alleges that she received her right-to-sue letter on February 20, 2004. (Doc. 25, Ex. E, ¶ 2.) She further acknowledges that she understood that she had 90 days in which to file a complaint, and that her complaint was due "on or around May 20, 2004" (*Id.* at ¶ 4.), unless otherwise tolled.

In the Sixth Circuit, the 90 day period for filing a claim under Title VII is equitably tolled for a claimant seeking to proceed IFP during the pendency of the plaintiff's IFP motion. *Truitt v. County of Wayne*, 148 F.3d 644, 647-48 (6th Cir. 1998); *Simmons v. Ohio Civil Serv. Employee Ass'n*, 259 F. Supp. 2d 677, 681-682 (S.D. Ohio 2003).

Here, plaintiff's *pro se* application for leave to proceed IFP (in addition to the

complaint and an application for assistance in obtaining counsel) was received by the Clerk of Court on May 21, 2004. (*See* Doc. 1.) On May 27, 2004, the IFP application was granted, and the complaint was filed. (Docs. 1, 2.) Nonetheless, even when the complaint is considered "filed" as of the date it was received with the IFP application, *see Truitt*, 148 F.3d at 648, it was submitted one day late, outside of the 90 day period.

The 90 day limit applies to *pro se* plaintiffs, and even one day's delay may be fatal to a claim. *Williams v. Sears Roebuck & Co.*, 143 F. Supp. 2d 941, 945 (M.D. Tenn. 2001) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 (1984) (per curiam)). Because the complaint in the present case was untimely, the Court must determine whether principles of equitable tolling should apply.

Typically, equitable tolling will apply only when the litigant's failure to satisfy a deadline resulted from circumstances beyond her control. *See Baldwin County Welcome Ctr.*, 466 U.S. at 151. Absent compelling equitable considerations, a court should not extend limitations by even a single day. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000). Nevertheless, statutes of repose should not automatically and always be turned into stone walls that defeat the reasonable efforts of the lay plaintiff to enter. *See Morgan v. Washington Manufacturing Co.*, 660 F.2d 710, 712 (6th Cir. 1981).

When determining the appropriateness of equitably tolling a statute of limitations, the Court considers the following factors: (1) plaintiff's lack of notice of the filing

requirement; (2) plaintiff's lack of constructive knowledge of the filing requirement; (3) plaintiff's diligence in pursuing her rights; (4) the absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the legal requirement for filing her claim. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003).

However, these factors are not exclusive bases upon which to apply equitable tolling, and the decision to equitably toll the limitations period is to be made on a case-by-case basis. *Id.* (citing *Truitt*, 148 F.3d at 648). Moreover, a district court need not find that the employer willfully engaged in wrongful conduct to allow equitable tolling. *Id.* (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). Nevertheless, the doctrine of equitable tolling is restricted and to be carefully applied. *Id.*

Plaintiff does not allege a lack of notice or knowledge of the filing requirement. Rather, she maintains that she exercised diligence in pursuing her right to file her lawsuit. *See Morgan*, 660 F.2d at 712.

Plaintiff states that she went to the federal courthouse on May 3, 2004, to get the necessary paperwork. (*See* Doc. 25, Ex. E, ¶ 3.) She maintains that, although she was prepared to fill out the forms while she was there, she was advised by a deputy clerk to take them home to fill them out. (*Id.*) Because she allegedly could not afford to pay for parking near the courthouse a second time, she mailed the completed forms to the clerk's office on or about May 14, 2004 (*id.* at ¶ 5.), *i.e.*, with six days remaining within the filing

period. However, these mailed pleadings were not received at the courthouse until seven days after mailing, *i.e.*, on May 21, 2004.

Plaintiff's efforts to mail the complaint six days before the deadline support a finding that equitable tolling should apply. Courts have recognized that inefficiencies of the United States Postal Service may be a circumstance beyond plaintiff's control, although a late delivery may be avoided in some cases simply by mailing a pleading earlier. *See Sandvik v. United States,* 177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam); *see also Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) ("Every person knows, or should know, that it can take at least several days to receive mail even from within the same postal jurisdiction, and he can, and may reasonably be required to, adjust his conduct accordingly.")

The Court finds that in the present case plaintiff took necessary steps to "adjust her conduct accordingly" and allowed sufficient time for ordinary delivery. *See Spencer*, 239 F.3d at 630. Unlike the petitioner in *Spencer*, Ms. Fitzpatrick did not wait until the day before her complaint was due to place it in the mail. *See id.* Moreover, unlike the pleading filed by the movant in *Sandvik* that had to travel from Miami to Atlanta, *see* 177 F.3d at 1272, the instant complaint had to be carried literally only a few blocks from the Dalton Street Station, Cincinnati, to the U.S. Courthouse in downtown Cincinnati. While it is reasonable to require a diligent person to plan for several days of mail transit, it is not reasonable for a citizen to be required to anticipate that it will take seven days for a first

class mailing to move less than a mile across town. While ordinary delivery time is not an exceptional circumstance, an inordinate delay can be so regarded. *See Spencer*, 239 F.3d at 630.

Moreover, the Court finds further evidence of plaintiff's diligence in the administrative record showing that she steadfastly pursued her claim through its review by the EEOC throughout a period of almost three years.

Finally, the Court finds that defendant is not prejudiced from the one day delay.

## IV. CONCLUSION

Accordingly, the Court finds that plaintiff has met her burden of showing her clear diligence and that exceptional circumstances exist such that the 90 day period should be equitably tolled for one day.

**IT IS THEREFORE ORDERED THAT:**

Defendant's motion to dismiss or in the alternative for summary judgment (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.


Date:   10/14/05             s/Timothy S. Black
                             Timothy S. Black
                             United States Magistrate Judge